# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

JESSE YOUNG,

    Plaintiff,                          CIVIL ACTION NO. 16-cv-13016

    v.                                 DISTRICT JUDGE THOMAS L. LUDINGTON

PRISON HEALTH SERVICES, et al.,     MAGISTRATE JUDGE MONA K. MAJZOUB

    Defendants.

_____/

## REPORT AND RECOMMENDATION

Plaintiff Jesse Young, currently incarcerated at the Gus Harrison Correctional Facility in Adrian, Michigan, filed this *pro se* civil rights action on August 18, 2016, pursuant to 42 U.S.C. § 1983, alleging that Defendants Prison Health Services, Paula Caldwell,[1] Mary Velarde, Christine M. Pigg, Nurse Practitioner Poma, and Stephen Braman[2] violated his rights as secured by the First and Eighth Amendments to the United States Constitution. (Docket no. 1.) This matter comes before the Court on Plaintiff's Verified Motion to Give Consent and Verified Motion to Enter Default Judgment (docket no. 14), to which Defendants have not responded. Also before the Court is Defendants Caldwell, Velarde, Pigg, and Braman's (the MDOC Defendants) Motion for Summary Judgment. (Docket no. 19.) Plaintiff responded to the MDOC Defendants' Motion, and the MDOC Defendants replied to Plaintiff's Response. (Docket nos. 20, 21.) Plaintiff also filed a Reply to the MDOC Defendants' Reply, which is nearly identical to his Response. (*Compare* docket no. 20 *with* docket no. 22.) This action has been referred to the

---

[1] Plaintiff named "R. Caldwell" as a defendant in the Complaint; however, Paula Caldwell has appeared as a defendant in this matter. (*See* docket nos. 1, 19.)

[2] Plaintiff misspelled Defendant Braman's last name as "Brahman" in the Complaint. (*See* docket nos. 1, 19.)

undersigned for all pretrial purposes. (Docket no. 5.) The Court has reviewed the pleadings, dispenses with oral argument on the motion pursuant to Eastern District of Michigan Local Rule 7.1(f) and issues this Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B).

## I. RECOMMENDATION

For the reasons that follow, it is recommended that Defendants Caldwell, Velarde, Pigg, and Braman's Motion for Summary Judgment (docket no. 19) be **GRANTED**; Plaintiff's Verified Motion to Give Consent and Verified Motion to Enter Default Judgment (docket no. 14) be **DENIED**; and Plaintiff's Complaint be dismissed in its entirety.

## II. REPORT

### A. Background

In the Complaint, Plaintiff alleges that he was denied medical care for his ongoing severe kidney and liver pain and exposure to tuberculosis, despite filing multiple grievances and health care requests regarding the issue. (Docket no. 1 at 3-5.) According to Plaintiff, the pain was possibly caused by a medication that he had been taking, Depakote, which Defendant Caldwell allegedly forcibly administered to Plaintiff even though he provided her with written notice that his prescription was discontinued. (*Id*. at 3.) Additionally, Plaintiff alleges that Defendant Braman wrote a false misconduct ticket against him, as a result of which, Plaintiff was unable to visit the law library, the instant Complaint was delayed, Plaintiff lost his prison job, Plaintiff's parole eligibility was examined, and Plaintiff was removed from prison programs recommended by the parole board. (*Id*. at 4.) Plaintiff asserts deliberate indifference, malpractice, negligence, retaliation, and excessive force as causes of action in this matter. (*Id*. at 6-8.) As relief, Plaintiff seeks compensatory, nominal, and punitive damages, as well as injunctive relief. (*Id*. at 9.)

### B. Governing Law

The MDOC Defendants move for summary judgment pursuant to Federal Rule of Civil Procedure 56. (Docket no. 19.) Summary judgment is appropriate where the moving party shows that there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party has the burden of showing an absence of evidence to support the non-moving party's case. *Covington v. Knox Cnty. Sch. Sys.*, 205 F.3d 912, 915 (6th Cir. 2000). Rule 56 expressly provides that:

> A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
>
> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
>
> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1). "The court need consider only the cited materials, but it may consider other materials in the record." Fed. R. Civ. P. 56(c)(3).

Once the moving party has met its burden of production, the non-moving party must come forward with significant probative evidence showing that a genuine issue exists for trial. *Covington*, 205 F.3d at 915. A mere scintilla of evidence is insufficient to defeat a properly supported motion for summary judgment; rather, "there must be evidence on which the jury could reasonably find for the [non-moving party]." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). Ultimately, a district court must determine whether the record as a whole presents a genuine issue of material fact, drawing "all justifiable inferences in the light most

favorable to the non-moving party." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Hager v. Pike County Bd. Of Educ.*, 286 F.3d 366, 370 (6th Cir. 2002).

**C.      Analysis**

*1.      The MDOC Defendants' Motion for Summary Judgment [19]*

The MDOC Defendants argue that summary judgment in their favor is appropriate because Plaintiff has failed to exhaust his administrative remedies under the Prison Litigation Reform Act.[3] (Docket no. 19 at 9-14.) The Prison Litigation Reform Act (PLRA) of 1995 requires that a prisoner exhaust all administrative remedies before filing a section 1983 action. Specifically, the statute provides that "[n]o action shall be brought with respect to prison conditions under section 1983 . . . , or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The exhaustion requirement is mandatory and requires a prisoner to comply with state procedural rules such as time limits for filing grievances and other critical procedural rules. *Jones v. Bock*, 549 U.S. 199, 211 (2007); *Woodford v. Ngo*, 548 U.S. 81, 90-91 (2006).

The Michigan Department of Corrections (MDOC) Policy Directive 03.02.130 regarding prisoner grievances[4] requires a prisoner to file a Step I grievance within five days of attempting to resolve the grievable issue with prison staff. MDOC Policy Directive 03.02.130(V). If the prisoner is dissatisfied with the Step I response, he may file an appeal, referred to as a Step II grievance, "within ten business days after receiving the Step I response or, if no response was received, within ten business days after the date the response was due." MDOC Policy Directive

---

[3] The MDOC Defendants also argue that they are entitled to summary judgment on Plaintiff's claims against them in their official capacities because those claims are barred by the Eleventh Amendment. (Docket no. 19 at 15-16.) The Court does not reach this argument, however, because this matter should be dismissed for Plaintiff's failure to exhaust his administrative remedies, as further discussed below.

[4] The MDOC Defendants attached a copy of MDOC Policy Directive 03.02.130 to their Motion. (Docket no. 19-2.)

4

03.02.130(BB). A similar procedure applies to the Step III grievance process in that if a prisoner is dissatisfied with the Step II response, the prisoner "must send a completed Step III grievance, using the Prisoner/Parolee Grievance Appeal form . . . , to the Grievance and Appeals Section within ten business days after receiving the Step II response or, if no response was received, within ten business days after the date the response was due." MDOC Policy Directive 03.02.130(FF). A prisoner's administrative remedies are exhausted once his complaints have been grieved through all three steps of the grievance process in compliance with the policy. MDOC Policy Directive 03.02.130(B).

The MDOC Defendants assert that Plaintiff failed to exhaust his administrative remedies through Step III of the grievance process. (Docket no. 19 at 13-14.) In support of this assertion, Defendants submitted Plaintiff's Step III Grievance Report as an exhibit to their Motion, which reveals that Plaintiff did not file any Step III grievance appeals from May 2009 through August 29, 2016. (Docket no. 19-3.) Based on this evidence, it is apparent that Plaintiff failed to exhaust his administrative remedies. Plaintiff has not provided any evidence to show otherwise in response to Defendants' Motion.

Instead, while not explicitly stated, Plaintiff argues that he should be excused from the exhaustion requirement because he made every attempt to exhaust his administrative remedies, but Defendants prevented him from doing so. (Docket no. 20 at 6-7.) First, in this regard, Plaintiff argues that Defendants made it impossible for him to proceed to Step III of the grievance process because they failed to properly adhere to the grievance policy. (*Id*. at 7-9, 15.) Specifically, Plaintiff argues that Defendants violated MDOC Policy Directive 03.02.130(U) when Defendant Pigg responded to his Step I grievances. MDOC Policy Directive 03.02.130(U) provides that "[p]risoners and staff who may be involved in the issue being grieved shall not

5

participate in any capacity in the grievance investigation, review, or response, except as necessary to provide information to the respondent." (Docket no. 19-2 at 5.) Plaintiff argues that Defendant Pigg violated this policy because she is a health services representative against whom Plaintiff filed his grievance, and she was the responding staff on all the grievances that Plaintiff filed. As Defendants point out, however, of the three grievances filed by Plaintiff, the only two people named in those grievances were Defendants Caldwell and Poma. (Docket no. 21 at 4-5; docket no. 20 at 19, 20, 34.) MDOC policy provides that a grievance must include information regarding the facts of the issue being grieved (i.e., who, what when, where, why, how), and the dates, times, places, and names of the individuals involved. MDOC Policy Directive 03.02.130(R). Defendant Pigg was not named in any of the grievances, and was therefore not a person involved in the issue being grieved under the grievance policy. Accordingly, the fact that Defendant Pigg responded to two of Plaintiff's Step I grievances was not a violation of MDOC Policy Directive 03.02.130(U). Even if Defendant Pigg did violate MDOC Policy Directive 03.02.130(U), Plaintiff has cited no authority for his assertion that a violation of that policy directive would excuse him from exhausting his administrative remedies by appealing the allegedly violative Step I grievance responses through Step III of the grievance process, and the Court finds none.

Next, Plaintiff argues that Defendants thwarted Plaintiff's ability to file Step III grievance appeals by holding their Step II responses back from Plaintiff, which caused him to miss the Step III appeal deadline. (Docket no. 20 at 7, 10, 16-17.) But Plaintiff was required to appeal the denial of his Step II grievances even if he did not receive a response from MDOC. *See* MDOC Policy Directive 03.02.130(FF) (prisoner required to file Step III appeal within ten days of

6

receiving MDOC's response to Step II grievance, or "if no response was received, within ten business days after the date the response was due"). Thus, Plaintiff's argument lacks merit.

Plaintiff also argues that Defendants "failed to respect and honor" his grievance appeals and refused to acknowledge his requests to move to Step III of the process by terminating his grievances as untimely. (Docket no. 20 at 10.) Defendants' alleged Step II responses denying Plaintiff's grievances as untimely have not been documented with the Court. Nevertheless, the rejection of a grievance as untimely does not necessarily terminate the three-step grievance process, as MDOC policy provides that a grievance that is rejected as untimely may be appealed to the next step of the process. *See* MDOC Policy Directives 03.02.130(G), (I). Plaintiff's argument therefore fails in this regard.

Finally, Plaintiff argues that he should be excused from the exhaustion requirements because he became "absolutely afraid" to pursue further actions against Defendants after Defendant Braman filed a false misconduct report against Plaintiff on May 21, 2016, in retaliation for filing grievances. (Docket no. 20 at 7, 11, 17, 32.) This argument holds no weight, as it is directly contradicted by Plaintiff's actions. Notably, one of the grievances at issue in this matter was filed on May 23, 2016, two days *after* Defendant Braman filed the misconduct report, and Plaintiff subsequently filed Step II appeals of two of the grievances at issue on June 13, 2016. (*Id.* at 19, 23, 24.) Moreover, this argument is counterintuitive to Plaintiff's previous argument that Defendants prevented Plaintiff from exhausting his remedies by holding back their Step II responses so that Plaintiff could not meet the Step III filing deadline. Plaintiff has failed to assert a valid basis on which he should be excused from exhausting his administrative remedies.

The evidence establishes that Plaintiff did not properly exhaust his administrative remedies before filing this lawsuit in accordance with MDOC Policy Directive 03.02.130. *Jones v. Bock*, 549 U.S. 199, 211 (2007); *Woodford v. Ngo*, 548 U.S. 81, 90-91 (2006) ("Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings."). The MDOC Defendants' Motion for Summary Judgment (docket no. 19) should therefore be granted.

2.  *Defendants Prison Health Services and Nurse Practitioner Poma*

Despite two attempts by the United States Marshals Service, Defendants Prison Health Services and Poma have yet to be served with the Complaint in this matter. (*See* docket nos. 7-9, 15-17.) As discussed above, however, Plaintiff did not exhaust his administrative remedies with regard to the claims in his Complaint. Accordingly, like the MDOC Defendants, the court should also grant summary judgment in favor of Defendants Prison Health Services and Poma.

3.  *Plaintiff's State-Law Claims*

In addition to his federal claims, Plaintiff asserts state-law medical malpractice and negligence claims against Defendants. (Docket no. 1 at 7.) The MDOC Defendants did not specifically address these claims in their Motion for Summary Judgment. As discussed above, however, Plaintiff's federal claims should be dismissed due to Plaintiff's failure to exhaust his administrative remedies. No other federal claims remain. Accordingly, the court should decline to exercise supplemental jurisdiction over Plaintiff's state-law claims pursuant to 28 U.S.C. § 1367(c)(3). *See Musson Theatrical, Inc. v. Fed. Express Corp.,* 89 F.3d 1244, 1254-55 (6th Cir. 1996) ("When all federal claims are dismissed before trial, the balance of considerations usually

will point to dismissing the state law claims, or remanding them to state court if the action was removed."). Plaintiff's Complaint should therefore be dismissed in its entirety.

    4. *Plaintiff's Verified Motion to Give Consent and Verified Motion to Enter Default Judgment [14]*

On September 21, 2016, Plaintiff filed a document that contains a "Verified Motion to Give Consent" and a "Verified Motion to Enter Default Judgment." (Docket no. 14.) Through these motions, Plaintiff moves to consent to have the undersigned conduct all proceedings in this case, including trial, under 28 U.S.C. § 636(c). (*Id*. at 1.) Plaintiff also moves for default judgment on the basis that Defendants failed to respond to his Complaint within the time allotted under Federal Rule of Civil Procedure 4. (*Id*. at 2-3.) Plaintiff's default judgment motion fails on both substantive and procedural grounds. First, in suits brought by prisoners under 42 U.S.C. § 1983, a defendant may waive the right to respond to the complaint, without such waiver constituting an admission of the allegations in the complaint. 42 U.S.C. § 1997e(g). Moreover, all of the defendants who had been served in this matter timely filed a Motion for Summary Judgment on October 20, 2016. (Docket no. 19.) Procedurally, Plaintiff is not entitled to a default judgment under Rule 55 because he failed to first seek entry of a default from the clerk of the court. Plaintiff's Verified Motion to Enter Default Judgment should be denied on these bases. And in light of the recommendation that Plaintiff's Complaint be dismissed in its entirety, it is further recommended that Plaintiff's Verified Motion to Give Consent be denied as moot.

  **D.** **Conclusion**

For the reasons stated herein, it is recommended that the court **GRANT** Defendants Caldwell, Velarde, Pigg, and Braman's Motion for Summary Judgment (docket no. 19); **DENY** Plaintiff's Verified Motion to Give Consent and Verified Motion to Enter Default Judgment (docket no. 14); and dismiss Plaintiff's Complaint in its entirety.

### III. NOTICE TO PARTIES REGARDING OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Eastern District of Michigan Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Howard v. Sec'y of Health & Human Servs.,* 932 F.2d 505 (6th Cir. 1991); *U.S. v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n Of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc. Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains. Not later than fourteen days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity. The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.


Dated: June 1, 2017              s/ Mona K. Majzoub
                                 MONA K. MAJZOUB
                                 UNITED STATES MAGISTRATE JUDGE

## **PROOF OF SERVICE**

   I hereby certify that a copy of this Report and Recommendation was served upon Plaintiff and counsel of record on this date.

Dated: June 1, 2017    s/ Lisa C. Bartlett
              Case Manager