UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

JESSE YOUNG,

           Plaintiff,                        Case No. 16-cv-13016

v                                                         Honorable Thomas L. Ludington

PRISON HEALTH SERVICES, *et al.*,          Magistrate Judge Mona K. Majzoub

           Defendants.
_____/

**ORDER OVERRULING OBJECTIONS, ADOPTING REPORT AND
RECOMMENDATION, GRANTING DEFENDANTS' MOTION FOR SUMMARY
JUDGMENT, DENYING PLAINTIFF'S MOTION TO CONSENT AS MOOT,
DISMISSING FEDERAL CLAIM WITH PREJUDICE, AND
<u>DISMISSING STATE LAW CLAIMS WITHOUT PREJUDICE</u>**

On August 18, 2016, Plaintiff Jesse Young, a prisoner housed at the Gus Harrison Correctional Facility, initiated the above-captioned matter by filing his *pro se* complaint against Defendants Prison Health Services, Nurse Caldwell, Mary Verlard, Christine Pigg, "Poma," and "Brahman." *See* Compl., ECF No. 1. Plaintiff alleges that employees of the Prison Health Services violated his constitutional rights through deliberate indifference to his claims of severe kidney and liver pain and by failing to assess him for tuberculosis. *Id*. He further alleges that after he filed a grievance, a jail employee, Defendant Brahman, retaliated against him by falsely accusing Plaintiff of harassing a fellow inmate. In addition to his federal claim under 42 U.S.C. § 1983, Plaintiff asserts claims of medical malpractice, negligence, and retaliation. The matter was referred to Magistrate Judge Mona K. Majzoub for report and recommendation. On September 21, 2016, Plaintiff filed a motion giving consent to the magistrate judge to conduct all proceedings under 28 U.S.C. § 636(c). *See* ECF NO. 14. Defendants did not file a response to that motion.

Neither Defendant Prison Health Services nor Defendant Poma was served in this matter despite two attempts by the United States Marshall Service. *See* ECF Nos. 7-9. On October 10, 2016, Defendants Caldwell, Velarde, Pigg, and Brahman filed a motion for summary judgment, arguing that Plaintiff's federal claim should be dismissed for failing to exhaust his administrative remedies as required by 42 U.S.C. § 1997(e)(a). *See* ECF No. 19. On June 1, 2017 the magistrate judge issued her report and recommendation, recommending that Plaintiff's federal claim be dismissed with prejudice and his state law claims be dismissed without prejudice. *See* ECF No. 24. She also recommended that Plaintiffs motion to give consent be denied as moot. Plaintiff filed objections to the report on June 13, 2017. *See* ECF No. 25.

**I.**

Pursuant to Federal Rule of Civil Procedure 72, a party may object to and seek review of a magistrate judge's report and recommendation. See Fed. R. Civ. P. 72(b)(2). Objections must be stated with specificity. *Thomas v. Arn*, 474 U.S. 140, 151 (1985) (citation omitted). If objections are made, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). De novo review requires at least a review of the evidence before the magistrate judge; the Court may not act solely on the basis of a magistrate judge's report and recommendation. *See Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981). After reviewing the evidence, the Court is free to accept, reject, or modify the findings or recommendations of the magistrate judge. *See Lardie v. Birkett*, 221 F. Supp. 2d 806, 807 (E.D. Mich. 2002).

Only those objections that are specific are entitled to a de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). "The parties have the duty to pinpoint those portions of the magistrate's report that the district court must specially consider." *Id*. (internal

quotation marks and citation omitted). A general objection, or one that merely restates the arguments previously presented, does not sufficiently identify alleged errors on the part of the magistrate judge. *See VanDiver v. Martin*, 304 F.Supp.2d 934, 937 (E.D.Mich.2004). An "objection" that does nothing more than disagree with a magistrate judge's determination, "without explaining the source of the error," is not considered a valid objection. *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). Without specific objections, "[t]he functions of the district court are effectively duplicated as both the magistrate and the district court perform identical tasks. This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrate's Act." *Id*.

Through his objection, Plaintiff broadly argues that he has presented genuine issues of material fact with regard to his claims, and that summary judgment is therefore inappropriate. However, because Plaintiff did not exhaust his administrative remedies as required by law, this Court will not address the substance of his claims. The election not to file specific objections to the magistrate judge's findings regarding exhaustion releases the Court from its duty to independently review the record, and waives any further right to appeal those findings. *Thomas v. Arn*, 474 U.S. 140, 149 (1985).

## II.

As pointed out by the magistrate judge, Defendants did not challenge Plaintiff's state law claims in their motion for summary judgment. When a plaintiff's federal claims have been dismissed on the merits, the question of whether to retain jurisdiction over any state law claims rests within the court's discretion. *Blakely v. United States*, 276 F.3d 853, 860 (6th Cir. 2002). However, the dismissal of the claims over which the federal court had original jurisdiction creates a presumption in favor of dismissing without prejudice any state-law claims that

accompanied it to federal court. *Id*. at 863. In addition, "[n]eedless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966). Plaintiff's state law claims will therefore be dismissed without prejudice.

Accordingly, it is **ORDERED** that Plaintiff's objections, ECF No. 25, are **OVERRULED**.

It is further **ORDERED** that the magistrate judge's report and recommendation, ECF No. 24, is **ADOPTED** and Defendants' Motion for Summary Judgment, ECF No. 19, is **GRANTED**.

It is further **ORDERED** that Plaintiff's complaint, ECF No. 1, is **DISMISSED.** Plaintiff's § 1983 claim is dismissed **with prejudice**. His state law claims are dismissed **without prejudice**.

It is further **ORDERED** that Plaintiff's motion to give consent, ECF No. 14, is **DENIED as moot.**

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

Dated: June 28, 2017

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on June 28, 2017.

s/Kelly Winslow
KELLY WINSLOW, Case Manager